UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VOLANTA HARRIS-MITCHELL,

   Plaintiff,

   v.                                              Case No. 19-2655-EFM

DAVID S. FERRIERO,

   Defendant.

**<u>ORDER</u>**

This matter is before the court on defendant's unopposed motion to stay discovery (ECF No. 8). Defendant seeks a stay of discovery and other activity in the case until such time as the court rules on his motion to dismiss (ECF No. 6). Plaintiff has indicated by e-mail to the court she does not oppose the request for a stay of discovery. For the following reasons, the court grants defendant's motion.

<u>Analysis</u>

It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed.[1] However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if at least one of these factors is present: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2] The decision whether to stay discovery rests in the sound discretion of the court.[3]

The court has reviewed the record, the instant motion, and the pending motion to dismiss. The court concludes that a stay of pretrial proceedings is warranted until the court resolves defendant's pending dispositive motion. Defendant argues in his motion to dismiss that plaintiff's claim is time-barred due to her failure to comply with a statutory filing deadline.[4] If defendant's motion is granted, it will likely result in dismissal of plaintiff's claims. Further, in deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."[5] At this stage, the court generally considers only the adequacy of the pleadings themselves, and will not look to evidence outside the complaint, as it would at the summary judgment stage.[6] A stay is therefore appropriate for this additional reason.

---

[2] *Lofland v. City of Shawnee, Kansas*, No. 16-CV-2183-CM-TJJ, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016); *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] ECF No. 9.

[5] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[6] *Williams v. Aulepp*, No. 16-3044-EFM, 2017 WL 6048189, at *2 (D. Kan. Dec. 7, 2017); *Fattaey*, 2016 WL 3743104, at *2.

All pretrial proceedings in this case are stayed until further order of the court. Should the case survive the pending motion to dismiss, the parties shall confer and submit a Rule 26(f) planning meeting report to the undersigned chambers within 14 days of the ruling of the motion. The court will then set a scheduling conference.

IT IS SO ORDERED.

Dated January 15, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge